**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4111-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

TYSHAUN D. CHRISTOPHER,

      Defendant-Appellant.

_____

Argued June 7, 2018 — Decided June 26, 2018

Before Judges Haas and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Indictment No.
15-05-1341.

Joshua D. Sanders, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender, attorney;
Joshua D. Sanders, of counsel and on the
brief).

Natalie A. Schmid Drummond, Assistant
Prosecutor, argued the cause for respondent
(Mary Eva Colalillo, Camden County Prosecutor,
attorney; Natalie A. Schmid Drummond, of
counsel and on the brief).

PER CURIAM

After the trial judge denied his motion to suppress a recorded statement he gave to the police, defendant Tyshaun D. Christopher pled guilty to two counts of first-degree robbery, N.J.S.A. 2C:15-1. In accordance with the negotiated plea, the judge sentenced defendant to fourteen years in prison on each charge, subject to the 85% parole ineligibility provisions of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, to run concurrently with each other.

On appeal, defendant raises the following contentions:

POINT I

THE COURT'S DECISION FINDING ADMISSIBLE [DEFENDANT'S] STATEMENT VIOLATED HIS STATE PRIVILEGE AGAINST SELF-INCRIMINATION UNDER STATE V. REED BECAUSE THE STATE KNEW THAT HE WAS REPRESENTED BY COUNSEL.

POINT II

[DEFENDANT'S] SENTENCE IS EXCESSIVE, UNDULY PUNITIVE, AND MUST BE REDUCED.

After reviewing the record in light of the contentions advanced on appeal, we affirm.

The relevant facts are not in dispute. Defendant had previously been sentenced to Drug Court probation. He did not attend a court session on May 13, 2013, and a bench warrant was issued for his arrest ten days later. Defendant was not apprehended on the warrant for more than fifteen months. At his

2

first appearance on August 28, 2014, defendant filled out a form asking for representation by the public defender on the Drug Court matter. However, the State did not charge defendant with a violation of his Drug Court probation (VOP) until September 24, 2014.

Prior to the filing of the VOP charge, Sergeant Paul Audino of the Camden County Prosecutor's Office was conducting an investigation of the armed robbery of two different victims that also involved a shooting. Based on a review of text messages defendant exchanged with his sister, Sergeant Audino determined that defendant was a suspect in these crimes.

On September 16, 2014, Sergeant Audino picked up defendant at the jail and took him to the prosecutor's office to interview him concerning the robberies. The sergeant did not know whether defendant was represented by an attorney in connection with his arrest on the bench warrant, and no attorney ever contacted him to advise that defendant had legal representation available to him at that time.

At the prosecutor's office, Sergeant Audino advised defendant of his Miranda[1] rights, including his right to talk to or consult with a lawyer, to have the lawyer present during questioning, to

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

stop the questioning at any time in order to consult with an attorney, and to have a lawyer appointed for him if he wished. Defendant orally waived his rights, and then signed the Miranda form confirming his decision to proceed with the interview without an attorney. During the course of the interview, defendant made inculpatory statements concerning his involvement in the offenses.

At the suppression hearing, defendant relied upon our Supreme Court's decision in State v. Tucker, 137 N.J. 259 (1994), and argued that Sergeant Audino was prohibited from speaking to defendant about the robberies because he may have been represented by an attorney in connection with the Drug Court matter. At the conclusion of the hearing, Judge Steven J. Polansky rejected this argument in a thorough oral decision.

Because Tucker plainly does not support defendant's position, we affirm Judge Polansky's determination substantially for the reasons expressed in his opinion. In Tucker, the Court held that the Sixth Amendment was "offense specific" and could not "be invoked once for all future prosecutions[.]" 137 N.J. at 276 (quoting McNeil v. Wisconsin, 501 U.S. 171, 175 (1991)). Thus, the Court ruled that "[i]f the offense under investigation is based on essentially the same factual context as the charged offense, assertion of the Sixth Amendment right to counsel on the charged offense should bar police-initiated interrogation on the

4

related offense." Id. at 278.  On the other hand, the Court stated that the police may interview a represented defendant "concerning a totally unrelated" offense.  Id. at 276 (quoting McNeil, 501 U.S. at 175-76).

Applying this clear holding, Judge Polansky properly determined that the robbery charges Sergeant Audino was investigating were completely different from, and totally unrelated to, the bench warrant arrest for which defendant was then incarcerated.  Indeed, no formal charges were pending against defendant at the time of the interview, and the VOP charge would not be lodged against him for eight more days.  Therefore, the judge correctly ruled that Sergeant Audino was not barred from asking defendant to speak to him about the unrelated robberies, and was not required to contact any attorney who may have been representing defendant on the Drug Court warrant before conducting the interview.

For the first time on appeal,[2] defendant argues in Point I that the interrogation was improper in light of the Court's

---

[2] Defendant states in his brief that his attorney "inferentially" raised an argument based on Reed at the suppression hearing. However, the attorney did not mention this decision in the brief he submitted in support of the suppression motion, or during oral argument at the suppression hearing.  On appeal, we generally decline to consider issues that were not presented to the trial court in the first instance.  State v. Robinson, 200 N.J. 1, 19

decision in State v. Reed, 133 N.J. 237 (1993), which was later reiterated in State v. Cook, 179 N.J. 533 (2004). However, Reed is materially distinguishable from the matter at hand.

In Reed, the defendant agreed to go to the prosecutor's office to speak to the police about a homicide. 133 N.J. at 240-41. Defendant's girlfriend accompanied him and once they arrived at the office, she called an attorney to come and represent the defendant. Id. at 241. Immediately thereafter, the girlfriend told "a police officer that an attorney was on his way and asked that the police not question [the] defendant until the attorney arrived." Ibid.

The police then moved the defendant to another location, did not tell him that an attorney had been retained and was on the way, and proceeded to question him. Id. at 241-42. When the attorney arrived at the prosecutor's office, he told the prosecutor that he was there to represent the defendant. Id. at 242. However, the prosecutor refused to let him speak to the defendant, and no one advised the defendant that his attorney was present and asking to speak to him. Id. at 242-43.

---

(2009); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, because the State did not object to our consideration of this argument on this basis, we will address defendant's contention.

A-4111-16T1

Based upon these unique facts, the Supreme Court ruled that an attorney-client relationship "should be deemed to exist . . . when the suspect's family or friends have retained the attorney or where the attorney has represented or is representing the suspect on another matter." Id. at 261. The Court then stated its holding as follows:

> When, to the knowledge of the police, such an attorney is present or available, and the attorney has communicated a desire to confer with the suspect, the police must make that information known to the suspect before custodial interrogation can proceed or continue. Further, we hold that the failure of the police to give the suspect that information renders the suspect's subsequent waiver of the privilege against self-incrimination invalid per se.
>
> [Id. at 261-62.]

The Court further held that "[t]he duty to inform . . . is narrow and specific. It arises only where counsel has made known that he or she has been retained to represent the person held in custody, is present or readily available, and makes a request to consult with the suspect" in a timely fashion. Id. at 263-64.

In Cook, the defendant was arrested on a disorderly persons charge, but the police suspected he had been involved in a murder. 179 N.J. at 542. While the defendant was in custody, a public defender called a prosecutor to ask "whether the charges for which [the] defendant was arrested . . . were of such a nature as to

7

trigger public defender representation." Id. at 551. The prosecutor replied in the negative. Ibid. The public defender did not tell the prosecutor that he represented the defendant on the disorderly persons offense or that he wished to speak to the defendant. Ibid.

In its decision, the Court reiterated that Reed does not permit the police to "thwart an existing attorney-client relationship" by refusing to advise a defendant that his or her attorney is present or readily accessible before the defendant executes a Miranda waiver. 179 N.J. at 551. However, the Court concluded that no such relationship existed in Cook because the public defender did not represent the defendant on the disorderly persons charge, and did not represent him in connection with the murder investigation because the police had not yet filed any charges in that matter. Ibid.

Applying the Court's "narrow and specific" ruling in Reed to the facts in this case, we conclude that it provides no support for defendant's contention that the police improperly questioned him. Unlike in Reed, no attorney had been retained to represent defendant regarding his suspected involvement in the robberies that were the subject of the interrogation. While defendant had requested public defender representation concerning his arrest on the bench warrant, there is no documentation in the record to

indicate whether that request had been granted or an attorney assigned on this separate and unrelated matter. Moreover, even if defendant had secured such representation, neither the bench warrant nor a possible future VOP charge arising from a violation of his Drug Court probation would have been substantially intertwined with the new, unrelated offenses that were the subject of the interrogation.

Just as significantly, no attorney, whether formally assigned or not, was "present or available" at the time Sergeant Audino spoke to defendant, and no lawyer ever "communicated a desire to confer with" defendant prior to the interrogation as required by Reed. 133 N.J. at 262. Thus, the State had no information concerning any possible representation to convey to defendant at the time Sergeant Audino began the interview. Therefore, we reject defendant's contention on this point.

In Point II, defendant argues that his sentence was excessive. We disagree.

Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention[,]" and "explain how they arrived at a particular

sentence."  <u>State v. Case</u>, 220 N.J. 49, 64-65 (2014) (quoting <u>State v. Blackmon</u>, 202 N.J. 283, 297 (2010) and <u>State v. Fuentes</u>, 217 N.J. 57, 74 (2014)).  "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court.  <u>Id.</u> at 65.

We are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing guidelines enunciated in the Code. Accordingly, we discern no basis to second-guess the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4111-16T1